**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JIM D FEAGIN #18421-280** | § | |
| | § | |
| **V.** | § | **A-11-CA-702-LY** |
| | § | |
| **DEPUTY MARK CRUISE and** | § | |
| **SHERIFF GREG HAMILTON** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Terre Haute Penitentiary. According to Plaintiff, he was previously an informant for the Travis County Sheriff's Office. Plaintiff alleges Deputy Mark Cruise released this information to an individual. On September 17, 2008, Plaintiff notified Deputy Neal that Cruise had blown his cover. In October 2008, Plaintiff alleges Sheriff Hamilton also informed an individual he was indeed an informant for the Travis County Sheriff's Office. Plaintiff asserts this statement was made while Plaintiff was incarcerated in the Del Valle Correctional Complex.

In July 2009, Plaintiff was imprisoned in the U.S. Penitentiary at Victorville, California. Two weeks after his arrival he asserts he was stabbed and kicked in the mouth and ribs, causing a concussion and his jaw to break in two places.  According to Plaintiff, he was assaulted by a member of the Aryan Brotherhood Gang, who stated to Plaintiff, "words follow you snitch – you can't hide." Plaintiff claims he was later told by an inmate in segregation that there were inmates from the Austin area who knew about the statements made by Sheriff Hamilton and Deputy Cruise.

Plaintiff complains the Travis County Sheriff's Office failed to properly train its employees in the area of prisoner's constitutional rights to be free from harm by not labeling him an informant. Plaintiff alleges Deputy Cruise had a detailed history of bad conduct.  Plaintiff sues Sheriff Hamilton and Deputy Cruise.  He seeks a declaratory judgment and an award of $3,500,000.00.

### DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible.  Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already

overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.    Statute of Limitations

There is no federal statute of limitations for § 1983 actions. Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991), cert. denied, 501 U.S. 1235 (1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 582 (1989). In Texas, the applicable limitations period is two years. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)).

Plaintiff admits he knew his status as an informant had been compromised by Deputy Cruise in September 2008 and by Sheriff Hamilton in October 2008. Documents attached to his original complaint indicate Plaintiff or his home had been attacked in 2008. Plaintiff also had been attacked shortly after his arrival in Victorville in July 2009. However, Plaintiff did not file his lawsuit until August 15, 2011, when his wife presented his lawsuit to the Clerk for filing. Plaintiff's complaint was filed more than two years after Cruise and Hamilton allowed Plaintiff's informant status to be known and more than two years after he had been attacked.

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant

3

monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of September, 2011.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE